IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| OBD SENSOR SOLUTIONS LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE ALLSTATE CORPORATION and ALLSTATE INSURANCE COMPANY, <br><br> Defendants. | CIVIL ACTION NO. 2:23-cv-00073 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff OBD Sensor Solutions LLC ("OBD Sensor Solutions" or "Plaintiff") files this complaint against Defendants The Allstate Corporation and Allstate Insurance Company (collectively, "Allstate" or "Defendants") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop Defendants' infringement of the following United States Patent (the "Asserted Patent"), a copy of which is attached hereto as **Exhibit A**:

| | U.S. Patent No. | Title |
|---|---|---|
| A. | 7,146,346 | Fuzzy-Logic On Board Device For Monitoring And Processing Motor Vehicle Operating Data |

2. OBD Sensor Solutions seeks injunctive relief and monetary damages.

**PARTIES**

3. OBD Sensor Solutions is a limited liability company organized under the laws of the State of Texas, with its principal place of business at 815 Brazos St, Suite 500, Austin, Texas 78701-2509 (Travis County).

4. The Allstate Corporation ("Allstate Corp.") is an insurance company incorporated

under the laws of Delaware with its corporate headquarters located at 2775 Sanders Rd, Northbrook, IL 60062.

5. Allstate Corp. may be served through its registered agent for service, The Corporation Trust Company, at Corporation Trust Center 1209 Orange St, Wilmington, DE 19801.

6. Allstate Insurance Company ("Allstate Ins. Co.") is an insurance company organized under the laws of Delaware with its corporate headquarters located at 2775 Sanders Rd, Northbrook, IL 60062.

7. Allstate Ins. Co. may be served through its registered agent for service, CT Corporation System, at 1999 Bryan St, Suite 900, Dallas, TX 75201.

## JURISDICTION AND VENUE

8. OBD Sensor Solutions repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

9. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

10. Venue is proper against the Defendants in this District pursuant to 28 U.S.C. § 1400(b) because they have maintained an established and regular places of business in this District and have committed acts of patent infringement in this District. *See In re: Cray Inc.*, 871 F.3d 1355, 1362-1363 (Fed. Cir. 2017).

11. Defendants are subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to Defendants' substantial business in this judicial district, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving

substantial revenue from goods and services provided to individuals in Texas and in this District.

12.     Defendants maintain regular and established places of business in this District. Specifically, Defendants intend to do and do business in, have committed acts of infringement in, and continue to commit acts of infringement in this District directly, through intermediaries, by contributing to and through their inducement of third parties (including their agents, subsidiaries, partners, affiliates, and end-users), and offer their products or services, including those accused of infringement here, to customers and potential customers located in Texas, including in this District.

13.     Upon information and belief and based upon public information, Defendants own, operate, manage, conduct business, and direct and control the operations of, and have agents and employees that work from and out of, facilities at locations in this District, including, but not limited to, facilities at the following addresses: (1) 6115 New Copeland Rd, Ste 230, Tyler, TX 75703; (2) 1700 S SE Loop 323, Tyler, TX 75701; (3) 4719 Old Bullard Rd, Tyler, TX 75703; (4) 320 S Broadway Ave, Ste 100, Tyler, TX 75702; (5) 510 S SW Loop 323, Tyler, TX 75702; (6) 1116 Hwy 110 N, Whitehouse, TX 75791; (7) 605 S Palestine St, Athens, TX 75751; (8) 17435 State Hwy 155 S Flint, TX 75762; (9) 2117 Magnolia Ave, Port Neches, TX 77651; (10) 6385 Calder Ave, Beaumont, TX 77706; (11) 5090 Eastex Fwy, Beaumont, TX 77708; and (12) 1550 Cornerstone Ct, Beaumont, TX 77706. *See, e.g.*, **Exhibit B**; **Exhibit G**; **Exhibit H**.

14.     Doing business under the "Allstate" brand name, Defendants advertise that "We're big in Texas. From Amarillo to Brownsville, El Paso to Texarkana, our Allstate agent network spans this vast state so that you can always find an agent who relates to where – and how – you live." **Exhibit C**, at C-2 (Allstate's Texas Agent Locations).

15. Defendants advertise that "Allstate provides [McKinney drivers] safe driving resources, including programs like X the TXT®, Drivewise® and the support of Allstate agents." **Exhibit D**, at D-2 (Allstate's McKinney Agent Locations).

16. Defendants also advertise that the Allstate Milewise program is available in Texas. *See* **Exhibit J**, at J-4.

17. In addition, Defendants' website lists hundreds of authorized Allstate agents in numerous cities in this state and District (**Ex. C**), including authorized insurance agents in McKinney, TX, (**Ex. D**) and in Tyler, TX (**Exhibit E**). These Allstate agents have actual and apparent authority to act on behalf of Allstate in this District.

18. Defendants own, operate, manage, conduct business, direct and control the operations of, and have agents and employees that work from and out of, facilities at locations in this District.[1]

19. Defendants commit acts of infringement from this District, including, but not limited to, making, using, providing, supplying, selling, offering for sale, or distributing the Accused Instrumentalities.

20. Based upon public information, Defendants, directly and/or through their agents, partners, parents, subsidiaries, and/or intermediaries, also operate, advertise, and/or control the locations throughout this District through which Defendants and their agents and employees use, advertise, provide, and/or educate third parties, including but not limited to customers, about the Accused Instrumentalities.

21. Defendants commit acts of induced infringement in this District, including, but not limited to inducing infringement by their parents, subsidiaries, partners, affiliates, and/or end-users

---

[1] *See, e.g.*, **Ex. C** (Allstate's Texas Agent Locations); **Ex. D** (Allstate's McKinney Agent Locations); **Ex. E** (Allstate's Tyler Agent Locations); **Exhibit F** (Allstate Ins. Co. Texas Sales Tax Search); **Ex. G** (Allstate Agents Near 75702); **Ex. H** (Allstate Agents Near 77701).

through their use the Accused Instrumentalities.

22. Defendants commit acts of contributory infringement in this District, including, but not limited to contributing to infringement by their parents, subsidiaries, partners, affiliates, and/or end-users through their use of the Accused Instrumentalities.

## THE ACCUSED INSTRUMENTALITIES

23. OBD Sensor Solutions repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

24. Based upon public information, Defendants make, use, sell, offer for sale, advertise, promote, and/or educate third parties (including their customers) about Allstate's "Drivewise®" and "Milewise®" programs and their associated software, applications, and/or hardware that monitor and process information and data related to the use and functioning of motor vehicles through use of an on-board diagnostic computer and associated inner network connecting vehicle sensors (the "Accused Instrumentalities"). *See* **Exhibit I** (Allstate's Drivewise® Webpage); **Ex. J** (Allstate's Milewise® Webpage); **Exhibit K** (Drivewise® Program Terms of Use); **Exhibit L** (Allstate Online Privacy Statement).

25. Defendants own, operate, advertise, and/or control at least www.allstate.com, the website through which Defendants advertise, sell, offer to sell, promote, provide and/or educate third parties (including their customers) about their Allstate products, including the Accused Instrumentalities.

26. For instance, Defendants advertise that "Milewise works with an easy-to-use mobile app and/or website as well as a small device that plugs into your vehicle's diagnostic port, which

is usually under the steering column."[2]  **Ex. J**, at J-5.

27.  Defendants also advertise that "[t]he [Drivewise®] program collects data via a telematics device affixed to your vehicle. A participant utilizes an Allstate-approved vehicle-based data recording method (e.g. a telematics device into the OBD-II port) that records driving performance data related to the operation of that participating vehicle." **Ex. K**, at K-4.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,146,346

28.  OBD Sensor Solutions repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

29.  The USPTO duly issued U.S. Patent No. 7,146,346 (the "'346 patent") on December 5, 2006, after full and fair examination of Application No. 10/172,145, which was filed on June 14, 2002.  *See* **Ex. A**, at A-2.

30.  The '346 patent is entitled "Fuzzy-Logic On Board Device For Monitoring And Processing Motor Vehicle Operating Data."  *See id.*

31.  OBD Sensor Solutions is the exclusive licensee to the '346 patent, including the sole and exclusive right to prosecute this action and enforce the '346 patent against infringers, and to collect damages for all relevant times.

32.  The claims of the '346 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of electronic built-in on-board devices and methods for monitoring and processing motor vehicle operating data.

33.  The written description of the '346 patent describes in technical detail each limitation

---

[2]  This statement is available at https://www.allstate.com/auto-insurance/milewise, under the heading "What is Milewise and how does it work?"

of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the priority date.  The '346 patent also identifies and circumscribes all information necessary for a skilled artisan to perform each limitation in the claims in light of that which was known in the art at the priority date.

34. Defendants have infringed and continue to infringe the '346 patent by making, using, providing, supplying, selling, offering for sale, or distributing the Accused Instrumentalities.

35. Defendants have directly infringed and continue to directly infringe, either literally or under the doctrine of equivalents, one or more claims, including at least claim 1 of the '346 patent.

36. For example, the Accused Instrumentalities, when used by Defendants or a customer, provide an electronic device for monitoring and processing information data related to the use and functioning of motor vehicles through an inner network connecting vehicle sensors, said device comprising, a central processing unit; an integrated data storage connected to the central processing unit; and a network connector operatively connected to the central processing unit and configured to be connected to an inner network of a motor vehicle through a connector used by motor vehicle makers for accessing a vehicle on-board electric system with a diagnostic unit, said device being a stand-alone device cooperating with the vehicle electronic dedicated control units, via said network connector and through said inner network, and processing information data related to use and functioning of the motor vehicle received through said network connector and the inner network from connected vehicle sensors, said data received through said inner network being processed by said central processing unit and performed analysis being stored into said storage; an interface connector providing connection to one of a radio transmitter and a wireless

unit; and a front-end device and a bus connecting said network connector to said central processing unit; and a further bus connecting said central processing unit to said storage, wherein said device is coupled, through said on-board network connector, with one of an OBD- and an EOBD connector for interfacing the motor vehicle inner networks with an outside network of said motor vehicle.

37. Defendants have had knowledge of the '346 patent at least as of September 3, 2015, when they cited the '346 patent during prosecution of U.S. Patent 10,109,014.

38. Since at least September 3, 2015, Defendants have also indirectly infringed and continue to indirectly infringe the '346 patent by inducing others to directly infringe the '346 patent. Defendants have induced and continue to induce their subsidiaries, partners, affiliates, and end-users, including Defendants' customers and potential customers, to directly infringe, either literally or under the doctrine of equivalents, the '346 patent by using the Accused Instrumentalities. Defendants have taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Instrumentalities in a manner that infringes one or more claims of the '346 patent, including, for example, claim 1. Such steps by Defendants include, among other things, advising or directing personnel, contractors, or end-users to make or use the Accused Instrumentalities in an infringing manner; advertising and promoting the use of the Accused Instrumentalities in an infringing manner; or distributing instructions that guide users to use the Accused Instrumentalities in an infringing manner. Defendants are performing these steps, which constitutes induced infringement with the knowledge of the '346 patent and with the knowledge that the induced acts constitute infringement. Defendants are aware that the normal and customary use of the Accused Instrumentalities by others would infringe the '346 patent. Defendants' inducement is ongoing.

39. Since at least September 3, 2015, when Defendant Allstate Insurance Company cited the '346 patent in an information disclosure statement to the USPTO, Defendants have also indirectly infringed and continue to indirectly infringe by contributing to the infringement of the '346 patent.  Defendants have contributed and continue to contribute to the direct infringement of the '346 patent by personnel, contractors, customers, and other end users by encouraging them to use the Accused Instrumentalities to perform the steps of the patented process as described in one or more claims of the '346 patent.  The Accused Instrumentalities have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '346 patent, including, for example, claim 1.  The special features include, for example, the method recited in claim 1, including all the intermediary steps, that allow the claimed method of monitoring user usage patterns of a system.  The special features constitute a material part of the invention of one or more of the claims of the '346 patent and are not staple articles of commerce suitable for substantial non-infringing use.  Defendants' contributory infringement is ongoing.

40. Defendants' actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendants.

41. Since at least September 3, 2015, Defendants' direct and indirect infringement of the '346 patent has been and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

42. OBD Sensor Solutions or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '346 patent.

43. Plaintiff has been damaged and continues to be damaged as a result of the infringing

conduct by Defendants alleged above. Thus, Defendants are liable to OBD Sensor Solutions in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

44. OBD Sensor Solutions has suffered and continues to suffer irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. OBD Sensor Solutions has and will continue to suffer this harm by virtue of Defendants' infringement of the '346 patent. Defendants' actions have interfered with and will interfere with OBD Sensor Solutions' ability to license technology. The balance of hardships favors OBD Sensor Solutions' ability to commercialize its own ideas and technology. The public interest in allowing OBD Sensor Solutions to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## JURY DEMAND

45. Plaintiff hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

46. WHEREFORE, OBD Sensor Solutions requests that the Court find in its favor and against Defendants, and that the Court grant OBD Sensor Solutions the following relief:

   a. Judgment that one or more claims of the Asserted Patent has been infringed, either literally or under the doctrine of equivalents, by Defendants or all others acting in concert therewith;

   b. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '346 patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the '346 patent by

such entities;

c. Judgment that Defendants account for and pay to OBD Sensor Solutions all damages to and costs incurred by OBD Sensor Solutions because of Defendants' infringing activities and other conduct complained of herein;

d. Judgment that Defendants' infringement of the '346 patent be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e. Pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

f. That this Court declare this an exceptional case and award OBD Sensor Solutions its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: <u>February 24, 2023</u>          Respectfully submitted,

By: */s/ C. Matthew Rozier*

Jonathan L. Hardt (TX 24039906) *
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite C
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

C. Matthew Rozier (CO 46854) *
**ROZIER HARDT MCDONOUGH PLLC**
2590 Walnut Street, Suite 10
Denver, Colorado 80205
Telephone: (720) 820-3006
Email: matt@rhmtrial.com

James F. McDonough, III (GA 117088) *
**ROZIER HARDT MCDONOUGH PLLC**
3621 Vinings Slope, Suite 4300
Atlanta, Georgia 30339
Telephone (470) 480-9505
Email: jim@rhmtrial.com

*Attorneys for Plaintiff OBD SENSOR SOLUTIONS LLC*

*Admitted to the Eastern District of Texas

**List Of Exhibits**
A. US Patent No. 7,146,346
B. Allstate's Smith County Office Locations
C. Allstate's Texas Agent Locations
D. Allstate's McKinney Agent Locations
E. Allstate's Tyler Agent Locations
F. Allstate Insurance Company's Texas Sales Tax Search
G. Allstate Agents and Offices Near 75702
H. Allstate Agents and Offices Near 77701
I. Allstate's Drivewise® Webpage
J. Allstate's Milewise® Webpage
K. Drivewise® Program Terms of Use
L. Allstate Online Privacy Statement